IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JESSICA CLARK,

    **Plaintiff,**

v.    Case No. 5:23-cv-154-AW-MJF

COASTAL SKIN SURGERY AND
DERMATOLOGY, P.L., a Florida
limited liability company,

    **Defendant.**

_____/

## ORDER GRANTING MOTION TO STRIKE EXPERT DISCLOSURE

On the deadline for expert disclosures, Defendant filed a disclosure for Todd Zigrang. ECF No. 17.[1] Plaintiff has now moved to strike the disclosure and to preclude Zigrang's testimony. ECF No. 20. This order grants the motion for two independent reasons.

First, for whatever reason, Defendant never responded. Under this court's local rules, a party opposing any motion must file a response within 14 days. N.D. Fla. Loc. R. 7.1(E). Moreover, "[t]he Court may grant a motion by default if an opposing party does not file a memorandum as required by this rule." *Id.* R. 7.1(H). Defendant filed no timely opposition, and I grant Plaintiff's motion on that basis.

---

[1] The disclosure should have been served but not filed. *See* Initial Scheduling Order (ECF No. 10) at 3 ("Discovery materials and Rule 26(a)(1) and (2) disclosures must be served but must not be filed, except as required by Local Rule 26.1(A).").

1

Second, I grant the motion for the independent reason that the disclosure is plainly insufficient. A report of a retained expert must include "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Defendant's report, though, does no such thing. It offers only a summary of opinions (with no explanation as to the basis for them) and a promise that the expert "will be issuing a report detailing the bases of and support for [his] opinions." ECF No. 17 at 4.

"Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008) (quoting *Cooper v. S. Co.*, 390 F.3d 695, 728 (11th Cir. 2004)). And when "a party fails to provide information or identify a witness as required by Rule 26(a) . . ., the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

It is Plaintiff's burden to show justification or harmlessness. *Cf. Knight through Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 812 (11th Cir. 2017) (noting that plaintiffs "have not carried their burden of showing a substantial justification for their tardiness"). With no response, Plaintiff has not met that burden. Regardless, the lack of harmlessness is obvious. The deadline for Plaintiff's expert disclosures has

now passed, so Plaintiff has no opportunity to secure expert testimony rebutting the forthcoming opinions. And the final discovery deadline is fast approaching, so Plaintiff would have little opportunity to pursue additional discovery related to those undisclosed opinions. In addition, if Plaintiff sought the expert's disclosure, Plaintiff's counsel would be unable to adequately prepare. *See Walter Intern. Productions, Inc. v. Salinas*, 650 F.3d 1402, 1413 (11th Cir. 2011) ("The reason for requiring that an expert report be provided before a deposition is taken is so the opposing party can use the report to examine the expert at the deposition. As the district court pointed out, it is harmful to deprive opposing counsel of the expert's report before his deposition.").

The motion to strike (ECF No. 20) is GRANTED. Defendant may not rely on testimony from retained expert Todd Zigrang.

SO ORDERED on December 1, 2023.

s/ *Allen Winsor*
United States District Judge